IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00024-CV

 

Juan Anthony White,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 220th District
Court

Bosque County, Texas

Trial Court No. 06-11-14061-BCCR

 



MEMORANDUM  Opinion



 

The brief in this appeal was originally
due to be filed by April 25, 2011.  This Court granted Juan Anthony White’s
motion for extension of time to file his brief, and the brief was then due to
be filed by June 24, 2011.  In a letter dated July 8, 2011, the Clerk of this
Court notified White that pursuant to Rules 38.8(a)(1) and 42.3 of the Texas
Rules of Appellate Procedure, the Court would dismiss the appeal for want of
prosecution unless, within 21 days of the date of the letter, a brief was
filed.  Tex. R. App. P. 42.3(b). 
The brief was due to be filed on July 29, 2011.  No brief has been filed.

Accordingly, the appeal is dismissed.

 

 

 

                                                                        AL
SCOGGINS

                                                                        Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed August 31, 2011

Do
not publish 

[CV06]








 






ailed to produce any evidence of "a high degree of
mental pain and distress" and that the evidence showed nothing more than "mere worry, anxiety,
vexation, embarrassment, or anger," which would not support an award for mental anguish. Id.
      We will not reproduce the evidence relating to the award of mental anguish, which is detailed
in our original opinion. Suffice it to say, however, that Claudette produced direct evidence of the
nature, duration, and severity of her mental anguish, both in the form of her own testimony and
that of psychiatrist Dr. Ricardo Schack. Dr. Schack's expert testimony, in particular, added
additional weight to Claudette's testimony about the existence, nature, duration, and severity of
her mental anguish. Moreover, the extraordinary and egregious nature of the disturbing event,
i.e., essentially being accused by Dr. Griffith of complicity in her husband's death, is a quantum
leap ahead of the event in Woodruff—merely having one's house flooded. Id. at 445 & n.10. 
Surely, such an allegation is reasonably calculated to produce a high degree of mental pain and
distress and something more than the mere worry, anxiety, vexation, embarrassment, or anger that
attends the ordinary vicissitudes of life.
      Because the record contains some direct evidence of the degree of mental anguish that will
support a recovery, we adhere to our original ruling on British American's legal-sufficiency point. 
Considering the record as a whole, we likewise refuse to alter our ruling on the evidence's factual
sufficiency. Unlike the jury in Woodruff, the jury here was not left to speculate on the existence
of compensable mental anguish. Id. at 444. We deny British 
American's motion for a rehearing.
                                                                               PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Motion for rehearing denied
Opinion issued and filed February 14, 1996
Do not publish